UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IN DEFENSE OF ANIMALS** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
|     **v.** ) | **Civil Action No. 02-0557 (RWR)** |
| ) | |
| **THE UNITED STATES DEPARTMENT** ) | |
|   **OF AGRICULTURE** ) | |
| **1400 INDEPENDENCE AVE., S.W.** ) | |
| **WASHINGTON, D.C.  20250** ) | |
| ) | |
|     **Defendant.** ) | |
| ) | |

### ANSWER

Defendant, by its undersigned attorneys, hereby answers the Complaint as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

In response to the numbered paragraphs of the Complaint, defendant admits, denies, or otherwise avers as follows:

1.  First sentence:  This sentence contains plaintiff's characterization of the action, which does not require an answer, but to the extent that an answer may be deemed required, deny. Second sentence:  Deny, except to aver that through a press release dated April 1, 1998, defendant announced that it had charged Huntingdon Life Sciences with violations of the Animal Welfare Act, 7 U.S.C. §§ 2131-59 (2000).  Third sentence:  Deny,

-2-

except to aver that through a press release dated April 14, 1998, defendant announced that it had agreed to a consent decision and order with Huntingdon Life Sciences regarding alleged violations of the Animal Welfare Act.  Fourth sentence:  Deny, except to aver that defendant's proceeding against Huntingdon Life Sciences under the Animal Welfare Act was terminated by a consent decision and order entered on April 8, 1998.

    2.  This paragraph consists of plaintiff's allegation concerning jurisdiction, which does not require an answer, but to the extent that an answer may be deemed required, deny.

    3.  First sentence:  Deny, for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.  Second sentence:  Admit.

    4.  Admit.

    5.  Deny, as conclusions of law.

    6.  Deny, except to aver that through a press release dated April 1, 1998, defendant announced that it had charged Huntingdon Life Sciences with violations of the Animal Welfare Act.

    7.  Deny, except to aver that through a press release dated April 14, 1998, defendant announced that it had agreed to a consent decision and order with Huntingdon Life Sciences regarding alleged violations of the Animal Welfare Act.

    8.  Deny, except to aver the receipt of a letter from plaintiff dated November 20, 2000, to which the Court is

-3-

respectfully referred for a complete and accurate statement of its contents.

9. Deny, except to aver the transmittal of a letter to plaintiff dated April 13, 2001, to which the Court is respectfully referred for a complete and accurate statement of its contents.

10. First clause: Admit. Second Clause: Deny, as a conclusion of law.

11. Deny, as conclusions of law.

Each and every allegation not heretofore expressly admitted or denied is denied.

Defendant denies that plaintiff is entitled to the relief prayed for or to any relief whatsoever.

-4-

WHEREFORE, defendant, having fully answered, respectfully prays that this action be dismissed with prejudice and that it be granted its costs.

Respectfully submitted,

---

ROSCOE C. HOWARD, JR.
(D.C. Bar #246470)
United States Attorney

---

MARK E. NAGLE
(D.C. Bar #416364)
Assistant United States Attorney

---

Dated:  April 29, 2002       FRANK P. MENNA
Attorney-Advisor
Office of Information and Privacy
United States Department of
  Justice
Flag Building, Suite 570
Washington, D.C.  20530-0001
(202) 514-3642