UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN DEFENSE OF ANIMALS, )
)
Plaintiff )
)
)
v. )
) Civil Action No.   02 - 0557 (RWR)
)
THE UNITED STATES DEPARTMENT )
OF AGRICULTURE )
)
Defendant )
)
and )
)
LIFE SCIENCES RESEARCH, INC. )
211 East Lombard Street )
Baltimore, Maryland 21202-6102 )
)
Intervenor/Applicant )
)

## UNOPPOSED MOTION FOR LEAVE TO INTERVENE

Intervenor/applicant Life Sciences Research, Inc. ("Applicant"), by counsel, pursuant to Rules 24(a) and 24(b) of the Federal Rules of Civil Procedure, hereby moves this Court for leave to intervene as defendants in this action and seek to be aligned on the side of the Defendant, the United States Department of Agriculture ("USDA") and state the following in support thereof:

1. This is an action brought by Plaintiff, In Defense of Animals ("IDA") under the Freedom of Information Act, 5 U.S.C. § 552 seeking documents relating to an investigation of Huntingdon Life Sciences by the USDA.

2. Huntingdon Life Sciences is a wholly owned subsidiary of Applicant. Applicant's businesses will be significantly affected by any order of Court, should one be granted, requiring the USDA to release the documents requested by IDA.

3. Applicant contends that its commercial interests in the outcome of this litigation differs from the interests of the general citizenry represented by the USDA *See, e.g., See People for the Ethical Treatment of Animals, et al. v. Babbitt*, 151 F.R.D.

6, 7 (D.D.C.1993); *Dimond v. District of Columbia*, 792 F.2d 179, 193 (D.C.Cir.1986).

6. IDA and USDA do not oppose intervention of Applicant on the side of the USDA.

7. Pursuant to Rule 24(c), attached to this motion, as Exhibit A, is the Applicant's proposed answer to the complaint filed by plaintiff in this action.

8. The grounds for this petition to intervene are set forth with greater particularity in the attached Memorandum of Points and Authorities.

WHEREFORE, Intervenor/applicant Life Sciences Research, Inc. respectfully requests that this Court enter and order granting it's unopposed motion to intervene in this matter.

DATE: June 13, 2002

Respectfully submitted,
MCLEOD, WATKINSON & MILLER

By: _____
RICHARD T. ROSSIER  D.C. Bar No. 334646
ALEX MENENDEZ  D.C. Bar No. MD023814
One Massachusetts Avenue, N.W.
Suite 800
Washington, D.C. 20001
(202) 842-2345

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IN DEFENSE OF ANIMALS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No.   02 - 0557 (RWR) |
| | ) | |
| THE UNITED STATES DEPARTMENT | ) | |
| OF AGRICULTURE | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |
| and | ) | |
| | ) | |
| LIFE SCIENCES RESEARCH, INC. | ) | |
| 211 East Lombard Street | ) | |
| Baltimore, Maryland 21202-6102 | ) | |
| | ) | |
| Intervenor/Applicants | ) | |
| | ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF UNOPPOSED MOTION FOR LEAVE TO INTERVENE

Intervenor/applicant Life Sciences Research, Inc. ("Applicant"), by counsel, hereby submits this memorandum in support of its unopposed motion for leave to intervene in this action as a defendant to be aligned on the side of the Defendant, the United States Department of Agriculture ("USDA"), pursuant to Rules 24(a) and 24(b) of the Federal Rules of Civil Procedure.

I.  **Factual Background**

Between 1996-98, the USDA investigated Huntingdon Life Sciences ("Huntingdon") for violations of the Animal Welfare Act, 7 U.S.C. § 2141 *et seq* ("AWA"). Huntingdon is a wholly owned subsidiary of the Applicant. On April 1, 1998, Huntingdon was charged with violations of the AWA. The matter was resolved and a Consent Decision and Order was entered into April 8, 1998. As part of its investigation of Huntingdon, the USDA had obtained and reviewed certain confidential and proprietary information from Huntingdon.

On November 20, 2000, Plaintiff, In Defense of Animals ("IDA") sent a Freedom of Information Act Request ("FOIA") to the USDA requesting access to "all materials related to USDA's 1996-1998 inspection and investigations" concerning Huntingdon. On April 13, 2001 the USDA partially responded to IDA's FOIA request and provided some of the documentation relating to USDA's 1996-1998 inspection and investigations concerning Huntingdon. Thereafter, IDA filed this action seeking to compel the USDA to produce all materials related to USDA's 1996-1998 inspection and investigations concerning Huntingdon.

II. **Argument**

A. **Intervention of Right**

There are four requirements for intervention of right: (1) timeliness; (2) a cognizable interest; (3) impairment of that interest; and (4) lack of adequate representation by existing parties. Fed.R.Civ.P. 24(a); *See Williams & Humbert, Ltd. v. W & H. Trade Marks, Ltd.*, 840 F.2d 72, 74 (D.C.Cir.1988); *see also Dimond v. District of Columbia*, 792 F.2d 179, 192 (D.C.Cir.1986); *People for the Ethical Treatment of Animals v. Babbitt*, 151 F.R.D. 6, 7 (D.D.C.1993). As demonstrated below, all four requirements for granting Applicant's petition

2

to intervene as of right are satisfied here. Applicant respectfully request that this Court grant its motion to intervene as of right in this matter.

1.  Applicant's motion to intervene is timely.

The timeliness of a motion to intervene is determined in light of all relevant circumstances. *NAACP v. New York*, 413 U.S. 345 (1993); *Sanguine, Ltd. v. U.S. Dept. of Interior,* 736 F.2d 1416, 1418 (10th Cir. 1984), *aff'd on appeal after remand*, 798 F.2d 389 (1986), *cert. denied*, 479 U.S. 1054 (1987). Specifically, when considering all related circumstances, factors such as the amount of time that has elapsed since the suit was filed, the purpose of intervention, the need to preserve the intervenor's rights, and the probability of prejudice to existing parties should be considered. *United States v. American Tel. & Tel. Co.*, 642 F.2d 1285, 1295 (D.C.Cir.1980). In other words, courts are instructed to determine timeliness not only by evaluating the point to which the case has progressed, but by evaluating all of the circumstances of the case. *Seminole Nation of Oklahoma, v. Norton*, 206 F.R.D. 1 (D.D.C. 2001) *citing Dize v. Amalgamated Council of Greyhound Local Unions*, 684 F.Supp. 332, 338 (D.D.C.1988) (*quoting National Association for the Advancement of Colored People v. New York*, 413 U.S. 345, 93 S.Ct. 2591, 37 L.Ed.2d 648 (1973)

This motion is timely. Applicant has filed its motion at the inception of the case and prior to the initial scheduling conference. Furthermore, the purpose of the intervention, which is to protect Applicant's confidential and proprietary business information and preserve Applicant's rights with respect to that information favor intervention. Lastly, no prejudice will be suffered by any party as evidenced by the fact that the parties do not oppose the intervention.

3

2.      <u>Applicant has a cognizable interest in this case</u>.

To meet the cognizable interest requirement, an intervenor should "allege a legally sufficient claim or defense." *People for the Ethical Treatment of Animals,* 151 F.R.D. at 7. The focus is not on "whether the application is likely to prevail on the merits." *Id.* . Furthermore, this requirement is primarily a test for judicial economy and fairness in litigation. *Id.* citing *Nuesse v. Camp,* 385 F.2d 694, 700 (D.C.Cir.1967)(the cognizable interest requirement assists in "dispos[ing] of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process").

Applicant has a cognizable interest relating to the subject matter of this action -- an action which potentially could cause the release of confidential and proprietary business information. Furthermore, Applicant's interest in protecting its business is both cognizable and legally sufficient for involvement in the lawsuit, and would not hinder its disposition. *People for the Ethical Treatment of Animals,* 151 F.R.D. at 7. Therefore, the Applicant satisfies the cognizable interest" requirement of Rule 24(a).

3.      <u>An adverse decision in this action will impair Applicant's ability to protect its interests</u>.

The third requirement for intervention looks to whether the intervenor's interest in this litigation will be impaired by an adverse judgment issuing from this Court. *Seminole Nation of Oklahoma, v. Norton,* 206 F.R.D. 1, 8 (D.D.C. 2001). Just as the Applicant has a clear, substantial interest in the subject matter of this case, so, too, it is clear that the disposition of this action will, as a practical matter, impair or impede its ability to protect that interest. Rule 24 refers to impairment "as a practical matter," and in ruling upon the present motion this Court may consider any legal effect or impact upon the applicants' interests. *Natural Resources Defense*

*Council v. U.S. Nuclear Regulatory Commission*, 578 F.2d 1341, 1345 (10th Cir. 1978). Generally, courts have held that intervention is warranted where the intervenor's interest will be "substantially affected in a practical sense" by the outcome of the litigation. *General Motors Corp. v. Burns*, 50 F.R.D. 401, 404 (D. Haw. 1970) (quoting the Advisory Committee notes to Civil Rule 24(a)).

It is clear that the Applicant's interests will be impaired by a judgment issued by this Court requiring the release of the information requested by IDA. If IDA action is successful, the USDA will be forced to turn over Applicant's confidential and proprietary business information. Moreover, if this litigation is resolved in the IDA's favor, there will be no other opportunity for Applicant to litigate these issues in another forum. *See Natural Resources Defense Council*, 578 F.2d at 1345. Thus, the practical impairment requirement for intervention as of right has been satisfied here.

4.      Applicant's interests are not adequately represented by existing parties.

The nature of the government's role in this matter, and the course of litigation thus far, satisfies the minimal burden applicant carries to demonstrate a possibility of inadequate representation warranting intervention. As the Supreme Court has ruled, the inadequate representation element of the rule "is satisfied if the intervenor shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." *Trbovitch v. United Mine Workers*, 404 U.S. 528, 538 n. 10 (1972).

The interests of the Applicant are not adequately represented by the USDA. While the Applicant certainly would not, and does not, question "the good faith or the competency of the government or its counsel" in the present action, they do contend that the government has a

significantly different interest such that they do not and cannot adequately represent the substantial interests that the Applicant has in this matter.

The USDA and the Department of Justice are charged with the responsibility of representing the public interest and cannot be expected to adequately represent in all respects the particular private interests of the Applicant. *See People for the Ethical Treatment of Animals, et al.,* 151 F.R.D. at 7.(Because the Government has a mandate to design and enforce an entire regulatory system in the public interest, intervenor's private interests would not be sufficiently served through the Government's representation in this case); *Dimond v. District of Columbia,* 792 F.2d at 193. (recognizing that such a potential conflict of interest satisfies the minimal burden of showing inadequate representation because a government entity is charged by law with representing the public interest of its citizens and would be shirking its duty were it to advance this narrower interest at the expense of its representation of the general public interest.) Therefore, because the USDA is charged with the responsibility of representing the interests of the federal government, its defense must comply with its obligation to represent all segments of USDA and the public interest. Applicant, on the other hand is free to represent its "more narrow and 'parochial' interest," which the USDA is precluded from advancing "at the expense of the general public interest." *Id.*

Furthermore, there is potential for divergence between the Applicant's approach to defending this matter and the defense that will be put forth by the government. Such potential differences in the representation of the Applicant's interests provide additional support for allowing intervention here. Applicant therefore satisfies Rule 24(a)'s requirement to show that their interests are not adequately represented by existing parties.

Allowing Applicant to intervene would bring before the Court <u>all</u> <u>salient</u> <u>aspects</u> of the underlying debate, and would ultimately "aid the court in resolving the issues presented in this litigation." *Nash v. Blunt*, 140 F.R.D. 400, 403 & n.3 (W.D. Mo. 1992) (allowing intervention to insure "that opposing viewpoints will continue to be presented to the court").

B.  **<u>Permissive Intervention</u>**

Permissive intervention may be granted where the proposed intervenor demonstrates that its "claim or defense and the main action have a question of law or fact in common." Fed.R.Civ.P. 24(b); *see also Equal Employment Opportunity Comm'n v. National Children's Ctr., Inc.*, 146 F.3d.1042, 1045 (D.C.Cir.1998) (enumerating the Rule 24(b) requirements for permissive intervention). The Court of Appeals has described the interest test under Rule 24(a)(2) as "primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Nuesse v. Camp*, 385 F.2d 694, 700 (D.C.Cir.1967); *see also Huron Environmental Activist League v. EPA*, 917 F.Supp. 34 (D.D.C.1996). Furthermore, courts must consider "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties" because "permissive intervention is an inherently discretion\ary enterprise." *National Children's Ctr.*, 146 F.3d at 1045 & 1046. Clearly, as the source of the documents that the Plaintiff IDA seeks, LSR's standing in this matter and defenses share question of law or fact with the main action. Moreover, given the timing of the intervention and the interest demonstrated by LSR it is clear that intervention will not "unduly delay or prejudice the adjudication of the case of the original parties." This all demonstrates that LSR is willing and able "to contribute to the full development of the factual and legal issues presented." *See Humane Soc'y of the U.S. v. Clark,* 109 F.R.D. 518, 521

(D.D.C.1985) (citing *Environmental Defense Fund v. Costle*, 79 F.R.D. 235, 243-44 (D.D.C.1978)). Additionally, Applicant is prepared to file its answer to the Complaint, a copy of which is attached, which further demonstrates that its defenses and the main action share common questions of law and fact.

### Conclusion

For the foregoing reasons, Intervenor/applicant Life Sciences Research, Inc. respectfully requests that this Court grant its Unopposed Motion for Leave to Intervene in this action and that the attached Answer to the Complaint be deemed filed on the date of the Court's decision granting this motion.

Respectfully submitted,

MCLEOD, WATKINSON & MILLER

DATE: June 13, 2002

By: _____
RICHARD T. ROSSIER  D.C. Bar No. 334646
ALEX MENENDEZ  D.C. Bar No. MD023814
One Massachusetts Avenue, N.W.
Suite 800
Washington, D.C. 20001
(202) 842-2345

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Petition for Leave to Intervene, Memorandum in Support, Proposed Answer, and Proposed Order was mailed, first class, postage prepaid, this 13th day of June, 2002, to:

Katherine A. Meyer, Esquire
MEYER & GLITZENSTEIN
1601 Connecticut Ave., NW
Suite 700
Washington, DC 20009

Frank P. Menna, Esquire
UNITED STATES DEPARTMENT OF JUSTICE
Office of Information and Privacy
United States Department of Justice
Flag Building, Suite 570
Washington, D.C. 20530-0001

_Alex Menendez_ (signature)