**EXHIBIT**

**ECF**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN DEFENSE OF ANIMALS, ) | |
|           Plaintiff, ) | |
| v. ) | Civil Action No.   02 - 0557 (RWR) |
| THE UNITED STATES DEPARTMENT ) OF AGRICULTURE, ) | |
|           Defendant, ) | |
| and ) | |
| LIFE SCIENCES RESEARCH, INC. ) 211 East Lombard Street ) Baltimore, Maryland 21202-6102, ) | |
|           Intervenor/Applicants. ) | |

### ANSWER OF INTERVENOR/APPLICANTS
### LIFE SCIENCES RESEARCH, INC.

Intervenor/Applicant, Life Sciences Research, Inc. ("LSR"), by counsel, and pursuant to Fed.R.Civ.P. 24(c) hereby files this pleading setting forth its defense to the complaint of Plaintiff, In Defense of Animals ("Plaintiff") simultaneously with its Stipulation and Proposed Order Regarding the Intervention of Life Sciences Research, Inc. In its defense LSR states as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches and/or unclean hands.

## THIRD DEFENSE

With respect to the allegations set forth in the numbered paragraphs of Plaintiff's complaint, Defendant states as follows:

1. Plaintiff's first sentence in paragraph 1 is a characterization of the action, which does not require an answer, but to the extent that an answer may be deemed required, it is denied. As to plaintiff's second sentence in paragraph 1, LSR states that to the extent the plaintiff is referring to the USDA's press release dated April 1, 1998, that press release speaks for itself and is the best evidence of what it says. LSR denies the remaining allegations in the second sentence of paragraph 1. As to plaintiff's third sentence in paragraph 1, LSR states that to the extent the plaintiff is referring to the USDA's press release dated April 14, 1998, that press release speaks for itself and is the best evidence of what it says. LSR denies the remaining allegations in the third sentence of paragraph 1. As to plaintiff's third sentence in paragraph 1, LSR is without sufficient knowledge or information to form a belief as to the truth of the allegations in the third sentence of paragraph 1 and denies same.

2. Paragraph 2 of plaintiff's complain contains jurisdictional allegations, which do not require an answer.

3. As to plaintiff's allegations in paragraph 3, LSR is without sufficient knowledge or information to form a belief as to the truth of the allegations in the paragraph 3 and denies same.

4. Admitted.

5. LSR is without sufficient knowledge or information to respond to the allegations in paragraph 5 in that such a response calls for a legal conclusion. LSR denies the remaining allegations in the paragraph 5.

6. As to plaintiff's allegations in paragraph 6, to the extent the plaintiff is referring to the USDA's press release dated April 1, 1998, that press release speaks for itself and is the best evidence of what it says. LSR denies the remaining allegations in the paragraph 6.

7. As to plaintiff's allegations in paragraph 7, to the extent the plaintiff is referring to the USDA's press release dated April 14, 1998, that press release speaks for itself and is the best evidence of what it says. Furthermore, to the extent plaintiff is referring to the Consent Decision and Order ("Consent Order") entered in the administrative matter before the United States Department of Agriculture styled *In Re: Huntingdon Life Sciences, Inc.* AWA Docket No. 98-15, LSR states that the Consent Order speaks for itself and is the best evidence of what it says. LSR denies the remaining allegations in the paragraph 7.

8. As to plaintiff's allegations in paragraph 8, to the extent the plaintiff is referring to its November 20, 2000 FOIA request, that letter speaks for itself and is the best evidence of what it says. LSR denies the remaining allegations in the paragraph 8.

9. As to plaintiff's allegations in paragraph 9, the April 13, 2001 letter plaintiff references speaks for itself and is the best evidence of what it says. LSR denies the remaining allegations in the paragraph 9.

10. LSR is without sufficient knowledge or information to form a belief as to the truth of the allegations in the paragraph 10 to the extent Plaintiff alleges that it has not received a final response to its November 20, 2000 letter and denies same. Furthermore, LSR is without sufficient knowledge or information to respond to the allegations in paragraph 10 regarding the

3

expiration of the statutory deadline as such a response calls for a legal conclusion. LSR denies all remaining allegations in paragraph 10.

11. LSR is without sufficient knowledge or information to respond to the allegations in paragraph 11 to the extent such a response calls for a legal conclusion. LSR denies all remaining allegations in paragraph 11

12. LSR denies each and every allegation not expressly admitted.

Wherefore, Life Sciences Research, Inc. respectfully requests that the Complaint be dismissed and that it be awarded its costs herein and any further relief this court deems proper.

DATED: June 13, 2002                     MCLEOD WATKINSON & MILLER

By: _____

RICHARD T. ROSSIER D.C. Bar No. 334646
ALEX MENENDEZ D.C. Bar No. MD023814
One Massachusetts Avenue, N.W.
Suite 800
Washington, D.C. 20001

Attorneys for Intervenors-Applicants,
Life Sciences Research, Inc.