# Plaintiff's Exhibit F

(Civ. No. 02-0557 (RWR))

UNITED STATES DEPARTMENT OF AGRICULTURE

BEFORE THE SECRETARY OF AGRICULTURE

RECEIVED MAR 30 1998 The Hearing Clerk OALJ USDA

In re: )
) AWA Docket No.
Huntingdon Life Sciences, Inc., )
) 98-0015
)
Respondent ) Complaint

There is reason to believe that the respondent named herein has violated the regulations and standards (9 C.F.R. § 1.1 et seq.), issued pursuant to the Animal Welfare Act, as amended (7 U.S.C. § 2131 et seq.), herein referred to as the Act, and, therefore, the Administrator of the Animal and Plant Health Inspection Service ("APHIS") issues this complaint alleging the following:

I

A. Huntingdon Life Sciences, Inc., hereinafter referred to as respondent, is a Delaware corporation whose address is Post Office Box 2360 Metters Road, East Milstone, New Jersey 08875-2360.

B. The respondent, at all times material hereto, was registered and operating as a research facility as defined in the Act and the regulations.

LSR0561

II

A.  On March 26 and April 7, 1997, APHIS inspected respondent's premises and records and found that the respondent failed to have the Institutional Animal Care and Use Committee (IACUC) of the research facility review the procedures used involving animals to ensure that they would avoid or minimize discomfort, distress, and pain to the animals, in violation of section 2.31(d)(1)(i) of the regulations (9 C.F.R. § 2.31(d)(1)(i)).

B.  On March 26 and April 7, 1997, APHIS inspected respondent's premises and records and found that the respondent failed to have the IACUC of the research facility ensure that facilities used for major operative procedures on non-rodents were maintained under aseptic conditions, in violation of section 2.31(d)(1)(ix) of the regulations (9 C.F.R. § 2.31(d)(1)(ix)).

C.  On March 26 and April 7, 1997, APHIS inspected respondent's facility and found the following violations of section 2.38(k) of the regulations (9 C.F.R. 2.38(k)) and the standards specified below:

1.  Primary enclosures were not kept clean, as required (9 C.F.R. § 3.31(a)); and

LSR0562

2. The respondent failed to develop and follow an appropriate plan for environmental enhancement adequate to promote the psychological well-being of nonhuman primates (9 C.F.R. § 3.81).

III

In July 1997, APHIS inspected respondent's study number 3093 and records related to the conduct of the study and found the following:

1. The respondent failed to communicate timely and accurate information on problems of animal health, behavior, and well-being to the attending veterinarian, in violation of section 2.33(b)(3) of the regulations (9 C.F.R. § 2.33(b)(3).

2. Primary enclosures for nonhuman primates were not constructed and maintained so that they protected the animals from injury and contained them securely and prevented accidental opening of the enclosures, in violation of section 2.38(k) of the regulations (9 C.F.R. 2.38(k)) and sections 3.80(a)(2)(ii), (iii) of the standards (9 C.F.R. §§ 3.80(a)(2)(ii), (iii).

3. Primary enclosures and food receptacles for nonhuman primates were not kept sanitized as required (9 C.F.R. § 3.84(b)).

LSR0563

IV

In July 1997, APHIS inspected respondent's study number 3314 and records related to the conduct of the study and found the following:

1. The respondent failed to have the IACUC of the research facility review the procedures used involving animals to ensure that they would avoid or minimize discomfort, distress, and pain to the animals, in violation of section 2.31(d)(1)(i) of the regulations (9 C.F.R. § 2.31(d)(1)(i)).

2. The respondent failed to have the IACUC of the research facility review the procedures used involving animals to ensure that procedures which could cause more than momentary or slight pain or distress to the animals were performed with appropriate sedatives, analgesics, or anesthetics, in violation of section 2.31(d)(1)(iv)(A) of the regulations (9 C.F.R. § 2.31(d)(1)(iv)(A)).

3. The respondent failed to have the Institutional Animal Care and Use Committee (IACUC) of the research facility review the procedures used involving animals to ensure that the principal investigator had considered alternatives to procedures that would cause more than momentary or slight pain or distress to the animals, and had provided a written narrative description

LSR0564

5

of the methods and sources, in violation of section 2.31(d)(1)(ii) of the regulations (9 C.F.R. § 2.31(d)(1)(ii)).

    4.    The respondent failed to have the IACUC of the research facility review the procedures used involving animals to ensure that a proposal to conduct an activity involving animals contained a description of procedures designed to assure that discomfort and pain to animals would be limited to that which is unavoidable for the conduct of scientifically valuable research, in violation of section 2.31(e)(4) of the regulations (9 C.F.R. § 2.31(e)(4)).

    5.    The respondent failed to communicate timely and accurate information on problems of animal health, behavior, and well-being to the attending veterinarian, in violation of section 2.33(b)(3) of the regulations (9 C.F.R. § 2.33(b)(3).

V

In July 1997, APHIS inspected respondent's study number 3318 and records related to the conduct of the study and found the following:

    1.    The respondent failed to have the IACUC of the research facility review the procedures used involving animals to ensure that the principal investigator had considered alternatives to procedures that would cause more than momentary

LSR0565

or slight pain or distress to the animals, and had provided a written narrative description of the methods and sources, in violation of section 2.31(d)(1)(ii) of the regulations (9 C.F.R. § 2.31(d)(1)(ii)).

2. The respondent failed to have the IACUC of the research facility ensure that a member participating in review and approval of a proposed activity was not personally involved in the activity, in violation of section 2.31(d)(2) of the regulations (9 C.F.R. § 2.31(d)(2)).

3. The respondent failed to maintain programs of adequate veterinary care under the supervision and assistance of a doctor of veterinary medicine, in violation of section 2.33 of the regulations (9 C.F.R. § 2.33)).

VI

On July 1997, APHIS inspected respondent's study number 3630 and records related to the conduct of the study and found the following:

1. The respondent failed to have the IACUC of the research facility review and approve, require modifications in (to secure approval), or withhold approval of those components of proposed activities related to the care and use of animals, in

violation of section 2.31(c)(6) of the regulations (9 C.F.R. § 2.31(c)(6)).

2. The respondent failed to have the IACUC of the research facility review the procedures used involving animals to ensure that they would be performed with appropriate sedatives, analgesics or anesthetics, in violation of section 2.31(d)(1)(iv)(A) of the regulations (9 C.F.R. § 2.31(d)(1)(iv)(A)).

3. The respondent failed to have the IACUC of the research facility review the procedures used involving animals to ensure that no animal was impermissibly used in more than one major operative procedure from which it was allowed to recover, in violation of section 2.31(d)(1)(x) of the regulations (9 C.F.R. § 2.31(d)(1)(x)).

4. Primary enclosures for nonhuman primates were not constructed and maintained so that they protected the animals from injury, in violation of section 2.38(k) of the regulations (9 C.F.R. 2.38(k)) and section 3.80(a)(2)(ii) of the standards (9 C.F.R. § 3.80(a)(2)(ii).

VII

In July 1997, APHIS inspected respondent's study number 3630 and records related to the conduct of the study and found the following:

1. The respondent failed to maintain programs of adequate veterinary care under the supervision and assistance of a doctor of veterinary medicine, in violation of section 2.33 of the regulations (9 C.F.R. § 2.33)).

2. The respondent failed to report in its annual report for 1996 that 17 dogs were used in research involving accompanying pain or distress to the animals and failed to attach to the report an explanation of the procedures and the reasons why appropriate anesthetic, analgesic, or tranquilizing drugs were not used, in violation of section 2.36(b)(7) of the regulations (9 C.F.R. § 2.36(b)(7)).

VIII

In July 1997, APHIS inspected respondent's study number 3327 and records related to the conduct of the study and found the following:

1. Respondent failed to maintain a program of adequate veterinary care which included the availability of appropriate equipment, and the use of methods to diagnose and

treat injuries, in violation of sections 2.33(b)(1), (2) of the regulations (9 C.F.R. §§ 2.33(b)(1), (2)).

IX

In July 1997, APHIS inspected respondent's study number 3622 and records related to the conduct of the study and found the following:

1. The respondent failed to have the IACUC of the research facility review the procedures used involving animals to ensure that a proposal to conduct an activity involving animals contained a description of procedures designed to assure that discomfort and pain to animals would be limited to that which is unavoidable for the conduct of scientifically valuable research, in violation of section 2.31(e)(4) of the regulations (9 C.F.R. § 2.31(e)(4)).

WHEREFORE, it is hereby ordered that for the purpose of determining whether the respondent has in fact violated the regulations and standards issued under the Act, this complaint shall be served upon the respondent. The respondent shall file an answer with the Hearing Clerk, United States Department of Agriculture, Washington, D.C. 20250-9200, in accordance with the Rules of Practice governing proceedings under the Act (7 C.F.R.

LSR0569

§ 1.130 et seq.). Failure to file an answer shall constitute an admission of all the material allegations of this complaint.

The Animal and Plant Health Inspection Service requests:

1. That unless the respondent fails to file an answer within the time allowed therefor, or files an answer admitting all the material allegations of this complaint, this proceeding be set for oral hearing in conformity with the Rules of Practice governing proceedings under the Act; and

2. That such order or orders be issued as are authorized by the Act and warranted under the circumstances, including an order:

(a) Requiring the respondent to cease and desist from violating the Act and the regulations and standards issued thereunder; and

(b) Assessing civil penalties against the respondent in accordance with section 19 of the Act (7 U.S.C. § 2149).

        Done at Washington, D.C.
        this <u>30th</u> day of <u>March</u>, 19<u>98</u>

        _____
   Acting Administrator
        Animal and Plant Health
        Inspection Service

FRANK MARTIN, JR.
ROBERT A. ERTMAN
Attorneys for Complainant
Office of the General Counsel
United States Department of
 Agriculture
Washington, D.C. 20250-1400
Telephone (202) 720-2633

LSR0571