UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| D.C. "JASPER" CARLTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action |
| ) | No. 97-2105 (GK) |
| ) | |
| DEPARTMENT OF INTERIOR, et al., ) | FILED |
| ) | |
| Defendants. ) | SEP 03 1998 |
| ) | NANCY MAYER-WHITTINGTON, CLERK |
| | U.S. DISTRICT COURT |

## MEMORANDUM OPINION

Plaintiff brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, **as amended by** Electronic Freedom of Information Act Amendments of 1996, 5. U.S.C. § 552 (Supp. 1997), seeking to compel disclosure of records from the Department of Interior. This matter is before the Court on Plaintiff's Motion for Partial Summary Judgment [#14], Plaintiff's Motion for Summary Judgment [#19] and Defendants' Cross-Motion for Summary Judgment [#20].

Upon consideration of the Motions, Oppositions, Replies, and the entire record herein, for the reasons discussed below, Plaintiff's Motion for Partial Summary Judgment [#14] is **granted**, Plaintiff's Motion for Summary Judgment [#19] is **granted**, and Defendants' Cross-Motion for Summary Judgment [#20] is **denied**.



Plaintiff's Exhibit HH

**BACKGROUND**[1]

On March 7, 1997, Plaintiff Jasper Carlton, the Director of the Biodiversity Legal Foundation, submitted a FOIA request to the Department of the Interior ("DOI") seeking records concerning the Fish and Wildlife Service's ("FWS") use of "conservation agreements" under the Endangered Species Act ("ESA"), 16 U.S.C. § 1531, et seq.

"Conservation agreements" are voluntary written agreements between the FWS and outside groups, which can include another federal agency, Native American tribe, state agency, local government, or private party. The FWS states that the purpose of these agreements is to protect potentially endangered or threatened species, or "candidate species", through private agreements rather than formal listing under the ESA.[2] (Defs.' Mem. Summ. J. at 2.) "Candidate species" are those species for which the FWS has sufficient information detailing biological vulnerability and threats to support its issuing a proposal to list the species as endangered or threatened under the ESA. (Defs.' Mem. Summ. J. at 2.)

The FWS purports to protect the candidate species through the

---

[1] Pursuant to Local Rule 108(h), "[i]n determining a motion for summary judgement, the Court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion." Parties have both moved for Summary Judgement. Thus, the Court takes these facts from Parties' Statements of Material Facts As to Which There Is No Genuine Issue. Unless otherwise noted, the Court states only uncontroverted facts.

[2] Formal listing affords species a whole range of legal protection under the provisions of the ESA.

2

conservation agreements rather than listing them under the ESA. According to Defendants, the private agreements allow the FWS to "achieve the goals of the Endangered Species Act without potentially costly and protracted litigation." (Defs.' Mem. Summ. J. at 3.)

Carlton believes the FWS is using conservation agreements to justify withholding the full protections of the ESA from imperiled species. He contends that decisions of the FWS to adopt conservation agreements, rather than formally listing species as endangered or threatened, are "based upon political resistance to formal listing rather than scientific evidence." (Pl.'s Mem. Partial Sum. J. at 6-7.)

In a letter dated March 25, 1997, DOI informed Carlton that he could expect a response to his FOIA request on or before April 9, 1997. Despite repeated attempts by Carlton's attorney to ascertain the status of the agency's search for responsive documents, Defendants sent Carlton no information regarding his FOIA request.

Carlton initiated the current action on September 12, 1997. Defendants then promised to provide a response to Carlton's FOIA request by October 31, 1997. When Defendants missed this deadline, the parties agreed to another extension of time, until November 21, 1997. On November 25, 1997, Defendants delivered a final response to Carlton's FOIA request and a Vaughn index itemizing which documents were being released and which were being withheld.

On December 24, 1997, Carlton's attorney notified Defendants that the Vaughn index submitted did not seem to identify all

records responsive to Carlton's FOIA request. Defendants' counsel informed Carlton that the agency had located additional responsive records and that these records would be delivered to Plaintiff.

On January 30, 1998, before Defendants identified additional responsive records, Carlton filed a Motion for Partial Summary Judgment seeking disclosure of all records identified in the initial Vaughn index. On February 12, 1998, this Court held an initial scheduling conference and ordered Defendants to complete a supplemental response to Carlton's original FOIA request by February 20, 1998. The Court held Plaintiff's Partial Motion for Summary Judgment in abeyance and Plaintiff was ordered to supplement this Motion with regard to Defendants' supplemental FOIA response.

On February 25, 1998, Defendants delivered a supplemental FOIA response to Plaintiff. This response included four new Vaughn indices indicating additional documents Defendants were releasing and withholding.

Finally, on April 23, 1998, Defendants delivered to Plaintiff a final Vaughn index, along with a supplemental declaration by Paul McGowan, General Biologist at the FWS.

Plaintiff, in his current Motion for Summary Judgment, seeks to compel disclosure of all responsive documents listed in the supplemental Vaughn indices.

In both his Motion for Partial Summary Judgment and his Motion for Summary Judgment, Plaintiff claims there are no genuine issues of material fact and that as a matter of law Defendants have

supplied inadequate Vaughn indices and support documentation to satisfy their burden of establishing that the identified records are properly withheld.

Plaintiff's Motions thus seek an order requiring Defendants to release all responsive records identified in the Vaughn indices. (Pl.'s Mem. Partial Summ. J. at 5.)  Defendants respond that their Vaughn indices are adequate and that all responsive documents, except those subject to specific FOIA exemptions, have been turned over to Plaintiff.  Defendants argue that they are thus entitled to judgment as a matter of law.  (Defs.' Mem. Summ. J. at 4.)  In the alternative, Defendants argue that they should be permitted to amend their Vaughn indices.  (Defs.' Mem. Summ. J. at 21.)

## II. STANDARD OF REVIEW

Under Fed. R. Civ. P. 56, a motion for summary judgement shall be granted if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine issue of material fact, and that the moving party is entitled to judgement as a matter of law.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  In considering a motion for summary judgement, the "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."  Id. at 255.

## III. ANALYSIS

FOIA reflects "a general philosophy of full agency disclosure", Department of Air Force v. Rose, 425 U.S. 352, 360-361 (1973), in order "to facilitate public access to Government documents".  United

described as, "Letter to William Hartwig Regional Director 12/4/96 from Marcia M. Kimball Field Sol". (Defs.' Ex. 58.)

Further, Defendants rely on a broad statement in Mr. McGowan's declaration to explain how the attorney-client privilege is relevant but make no attempt correlate this general claim with any of the withheld documents.[6] See Mead Data Cent., 566 F.2d at 251; Oglesby, 70 F.3d at 1180. It is impossible for this Court to determine whether the information in document #380 was a "confidential communication between an attorney and his client relating to a legal matter for which the client has sought legal advice." Mead Data Cent., 566 F.2d at 253.

The Court finds the government has not met its burden in proving that the documents withheld pursuant to the attorney-client privilege protected in FOIA Exemption 5 were properly withheld.

IV. CONCLUSION

The Court finds that the government has failed to meet its burden of establishing its right to withhold documents either under the attorney-client or the deliberative process privileges of Exemption 5, and has failed to "supply the court[] with sufficient information to allow [it] to make a reasoned determination that they were correct" in withholding the documents. Coastal States, 617 F.2d at 861. In order for the Court to make a proper

---

[6] The declaration states, "Attorney-client communications. Such documents reflect confidential communications between Service [FWS] employees and counsel regarding the legal sufficiency of various terms and provisions for Conservation Agreements." (McGowan Decl. ¶ 18.)

determination with respect to these records, it requires a more complete description of each document (or portions of documents) and an explanation <u>for each document</u> why it is being withheld (why FOIA exemption 5 applies) in satisfaction of the requirements of this Circuit.

It is the "strong policy of the FOIA that the public is entitled to know what its government is doing and why." <u>Coastal States</u>, 617 F.2d at 868. In this case, the public is entitled to understand the conservation agreements between the FWS and outside groups and perhaps gain a better understanding of the government's reasons for entering into these agreements.[7]

In cases where the government has provided inadequate <u>Vaughn</u> indices, a district court may "inspect[] the documents in camera, request[] further affidavits, or allow[] the plaintiff discovery." <u>Spirko v. United States Postal Svc.</u>, 147 F.2d 992, 996 (D.C. Cir. 1998).

In this case, the government has provided numerous <u>Vaughn</u> indices over an extended period of time. It produced its initial

---

[7] Plaintiff argues that the government is withholding "secret law" by not releasing materials that reveal the FWS's conservation agreement policy. Plaintiff rightly notes that our Circuit has repeatedly held that "an agency will not be permitted to develop a body of `secret law'". <u>Tax Analysts v. IRS</u>, 117 F.3d 607, 617 (D.C. Cir. 1997) (quoting <u>Coastal States</u>, 617 F.2d at 867). "Secret law" is law used by an agency "in the discharge of its regulatory duties and in its dealings with the public, but hidden behind a veil of privilege because it is not designated as `formal', `binding', or `final'". <u>Coastal States</u>, 617 F.2d at 867. The Court finds that, in this case, there is no indication of the existence of a body of "secret law". The Court need not find that the agency is withholding secret law, however, in order to conclude that the government has nevertheless failed to justify its withholdings under FOIA Exemption 5.

Vaughn index in November 1997. In February 1998 and in April 1998, the government produced supplemental Vaughn indices intended to cure the deficiencies of its earlier productions. None of the Vaughn indices produced by the government is adequate.

The procedural history of this case demonstrates intransigence and an ongoing pattern of delay on the part of the government; it has repeatedly requested (and received) extensions of time and yet has repeatedly failed to honor even extended deadlines. Plaintiff's original request was submitted in March 1997. The government, despite its assurances to the contrary, failed to respond to the FOIA request at all until Carlton filed this suit six months later, in September 1997. The government finally delivered an inadequate and incomplete Vaughn index to Plaintiff in November 1997. Following a February 12, 1998 Order by this Court directing the government to provide a supplemental response to Plaintiff's FOIA request by a date certain, Defendants produced similarly deficient indices in February and April 1998. Thus, seventeen months after Plaintiff's initial FOIA request was made, the government has yet to produce an adequate Vaughn index.

The Court thus finds that the agency has been given more than ample opportunity to provide an adequate Vaughn index. Given its apparent inability to prepare an adequate index, and given FOIA's "general philosophy of full agency disclosure", Department of Air Force v. Rose, 425 U.S. at 360-61, the Court concludes that the government has failed to meet its burden of justifying its non-disclosure and will, therefore, require the government to produce

all agency records withheld as exempt pursuant to FOIA Exemption 5. For these reasons, Plaintiff's Motion for Partial Summary Judgment [#14] is **granted**, Plaintiff's Motion for Summary Judgment [#19] is **granted**, and Defendants' Cross-Motion for Summary Judgment [#20] is **denied**, and this case will be dismissed. An Order will issue with this Opinion.

| | |
|---|---|
| _Sept. 3, 1995_ | _Gladys Kessler_ |
| Date | Gladys Kessler |
| | United States District Judge |

Copies to:

Eric R. Glitzenstein
Howard M. Crystal
Jonathan R. Lovvorn
MEYER & GLITZENSTEIN
1601 Connecticut Avenue, NW
Suite 450
Washington, D.C. 20009

Daniel F. Van Horn
Judiciary Center Bldg., Room 10-104
555 Fourth Street, NW
Washington, D.C. 20001