**Meyer & Glitzenstein**
1601 Connecticut Avenue, N.W.
Suite 700
Washington, D.C. 20009-1056

Katherine A. Meyer
Eric R. Glitzenstein
Howard M. Crystal
Kimberly D. Ockene
Tanya M. Sanerib

Telephone (202) 588-5206
Fax (202) 588-5049
meyerglitz@meyerglitz.com

April 22, 2005

**Sent By E-Mail And First Class Mail**

Anne D. Work
Office of Information and Privacy
United States Department of Justice
Flag Building, Suite 570
Washington, D.C. 20530-0001

        Re:    <u>In Defense of Animals v. USDA</u>
                Civ. No. 02-0557

Dear Ms. Work:

      The purpose of this letter is to identify the documents and portions of documents that plaintiff In Defense of Animals ("IDA") would accept as settlement of this case under the Freedom of Information Act ("FOIA").

      To begin with, now that you have forwarded to us portions of the documents that are being withheld under Exemption 5, and you have provided additional information about those documents, IDA is willing to withdraw its request for access to those particular records.

      Second, as I explained in my letter to you dated January 27, 2005, IDA long ago made it clear that it is willing to forego access to <u>portions</u> of any documents that fall within any of the following categories of information – i.e., the agency <u>may delete all such information</u> from the documents that are listed on the revised <u>Vaughn</u> index:

Plaintiff's Exhibit JJ

Anne D. Work
April 22, 2005
Page 2

(1) information withheld under Exemption 6 or Exemption 7(C) to the extent that it would identify an individual or any personal information about an individual;

(2) information that identifies any of Huntingdon Life Sciences Research's Standard Operating Procedures;

(3) the "animal husbandry records" that were withheld;

(4) information that identifies any of Huntingdon's test protocols or protocol amendments;

(5) the dosing charts; and

(6) any information that identifies any of Huntingdon's customers or the products or compounds that were the subject of any of the research projects that were underway when the agency conducted its investigation of Huntingdon.

Thus, as Judge Roberts clearly recognized, this case is principally about the segregability requirement of FOIA, 5 U.S.C. § 552(b). See Memorandum Opinion at 29-32. Therefore, if the agency would disclose to plaintiff all of the information that (a) is not included within the Exemption 5 records discussed above, and (b) does not fall within any of the categories of information listed above, IDA would be willing to settle this case.

Additionally, if it would make the segregability exercise easier, we can tell you the categories of remaining information that IDA wants from the documents – again, subject to the deletions authorized above. That information includes the following:

(1) all of the IACUC Minutes and other records (LSR 2102 - 2231); and

(2) the following categories of information identified on the revised Vaughn index:
"results"
"observations"
"conclusions"
"effects"
"information on mortality"
"dosing observations"
"date of study"
"housing and care of the animals"
"information on compliance with protocols"
"monitoring"
"data resulting,
"graphs"

Anne D. Work
April 22, 2005
Page 3

        "findings"
        "information on treatment"

    In other words, if the agency would be willing to go through the documents listed on the Vaughn index, and delete the information that IDA has said it does not want, and make sure that IDA is provided with the categories of information that it *does* want, as listed above, IDA would be willing to settle this case.

    I hope this is helpful to you. Please let me know if you need any additional information from us. We are hopeful that we can work something out so that we will not have to involve the Court again.

                                    Sincerely,

                                    Katherine A. Meyer