**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| IN DEFENSE OF ANIMALS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 02-557 (RWR) |
| UNITED STATES DEPARTMENT OF AGRICULTURE, et al., | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM ORDER**

On the eve of trial, Life Sciences Research ("LSR") seeks to introduce the issue of whether documents at issue were obtained voluntarily or involuntarily from Huntingdon Life Sciences ("HLS"). In two previous motions for summary judgment, the government has taken the position that all documents were obtained involuntarily in the course of an administrative investigation and LSR has adopted the government's position both times. As is indicated in the parties' joint pretrial statement, LSR now contends for the first time that documents obtained from HLS were disclosed to the government voluntarily and seeks to prove voluntary disclosure at trial.

The doctrine of judicial estoppel is an equitable doctrine invoked by the courts to preclude a party "from adopting a legal position in conflict with one earlier taken in the same or related litigation." Allen v. Zurich Ins. Co., 667 F.2d 1162,

1166 (4th Cir. 1982).  The purpose of the doctrine is "'to protect the integrity of the judicial process,'" New Hampshire v. Maine, 532 U.S. 742, 750 (2001) (quoting Edwards v. Aetna Life Ins. Co., 690 F.2d 595, 598 (6th Cir. 1982)), and "may be invoked to prevent a party from playing 'fast and loose with the courts.'"  Konstantinidis v. Chen, 626 F.2d 933, 937 (D.C. Cir. 1980) (quoting Scarano v. Central Railroad, 203 F.2d 510, 513 (3d Cir. 1953)).  The Supreme Court has "observed that '[t]he circumstances under which judicial estoppel may appropriately be invoked are . . . not reducible to any general formulation of principle[.]'"  New Hampshire, 532 U.S. at 750 (quoting Allen, 667 F.2d at 1166).  Still, the Court suggested a nonexclusive list of factors to consider.  See id.  First, "a party's later position must be 'clearly inconsistent' with its earlier position."  Id.  Second, "courts regularly inquire whether a party has succeeded in persuading a court to accept the party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create 'the perception that either the first or second court was misled.'"  Id. at 750-51 (quoting Edwards, 609 F.2d at 599).  But see Allen, 667 F.2d at 1167 (judicial estoppel is "not necessarily confined to situations where the party asserting the earlier contrary position there prevailed").  "A third consideration is whether the party seeking to assert an inconsistent position would derive

-3-

an unfair advantage or impose an unfair detriment on the opposing party if not estopped." Id. at 751.  While these factors provide guidance, the Court made clear it did not intend to "establish inflexible prerequisites or an exhaustive formula for determining the applicability of judicial estoppel" and "[a]dditional considerations may inform the doctrine's application in specific factual contexts."  Id. at 751.

In this case, LSR will be judicially estopped from arguing that documents at issue were disclosed to the USDA voluntarily by HLS for several reasons.  LSR's new position on the voluntariness of HLS's disclosure is clearly inconsistent with the position it has maintained for years in this action.  In addition, although LSR may not have derived an obvious benefit previously by joining the government's contention that the documents were obtained involuntarily, plaintiff In Defense of Animals ("IDA") has detrimentally relied on LSR's previous inconsistent assertions.  IDA plausibly asserts that it did forego pursuing all avenues of discovery relevant to the voluntariness issue, and cannot meaningfully be prepared to meet the voluntariness argument at trial now.  It would be unfairly prejudicial to permit LSR to inject this new issue into this litigation after the close of discovery.  Further, introducing the voluntariness issue at this late date runs afoul of the orderly administration of litigation and the effective delivery of justice.  A prime purpose of

-4-

allowing discovery here, setting dispositive motions deadlines, and referring the case to mediation has been to try to crystalize facts and narrow claims and issues.  LSR should have fronted the voluntariness issue at least during mediation.  Instead, it slipped the issue into the joint pretrial statement on the eve of trial after it has repeatedly represented that the issue was not in contention.  No changed circumstances or newly discovered evidence explains its failure to identify the voluntariness issue until this late date.

Accordingly, it is hereby ORDERED that any evidence offered for the purpose of proving that documents obtained from HLS were obtained voluntarily shall be EXCLUDED.  It is further

ORDERED that, in order to fully preserve this issue for the record, LSR file by Tuesday, December 16, 2008 a detailed proffer of evidence it sought to offer at trial to show voluntariness.

SIGNED this 15th day of December, 2008.

                                                                                   /s/
                                        RICHARD W. ROBERTS
                                        United States District Judge